IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID GENE LANCASTER,

    Petitioner,                   No. CIV S-08-0051 LKK GGH P

    vs.

TOM L. CAREY, Warden, et al.,

    Respondents.               ORDER

_____/

        Petitioner has filed a purported petition for writ of habeas corpus pursuant to 28 U.S.C. §2254; however, the court's review indicates that this action should, in future, be re-designated a civil rights action, under 42 U.S.C. § 1983, upon petitioner's (as plaintiff) filing an amended complaint. In addition, petitioner/plaintiff has not, filed an in forma pauperis affidavit or paid the required $350.00 statutory filing fee for a civil rights action. See 28 U.S.C. §§ 1914(a), 1915(a). Petitioner/plaintiff will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the appropriate filing fee. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Petitioner/plaintiff seeks money damages and injunctive relief in this "petition," alleging that he has been subjected to retaliation for confirming another inmate's claim of staff sexual misconduct and was placed in Administrative Segregation, but has since been released from Ad Seg. Petition, p. 5-13. Petitioner/plaintiff asserts that he suffered further retaliation in the form of losing his job. Although petitioner/plaintiff claims due process and equal protection

1  violations at a disciplinary hearing, the exhibits he includes indicate that he was neither found
2  guilty or assessed any time credit loss.

3  "Federal law opens two main avenues to relief on complaints related to
4  imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil
5  Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of
6  any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser
7  v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief
8  turning on circumstances of confinement may be presented in a § 1983 action." Muhammad v.
9  Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam). "[C]onstitutional claims
10 that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks
11 monetary or injunctive relief...may be brought pursuant to § 1983 in the first instance." Nelson
12 v. Campbell, 541U.S. 637, 124 S. Ct. 2117, 2122 (2004).

13 Therefore, the petition must be dismissed and petitioner as plaintiff will be
14 granted leave to amend within thirty days. In doing so, however, plaintiff is cautioned that to
15 state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise
16 of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct.
17 Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); Rizzo 778 F.2d at 532.
18 The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for
19 the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532). Verbal harassment
20 alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.
21 1987). However, even threats of bodily injury are insufficient to state a claim, because a mere
22 naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925
23 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must
24 "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional
25 rights." Frazier v. Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

26 In Pratt, the Ninth Circuit concluded that in evaluating retaliation claims, courts

should defer "to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (citing Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995)).

Moreover, to the extent petitioner/plaintiff seeks to assert a denial of due process in being removed from his job:

> It is uniformly well established throughout the federal circuit courts that a prisoner's expectation of keeping a specific prison job, or any job, does not implicate a property or liberty interest under the Fourteenth Amendment. James v. Quinlan, 866 F.2d 627, 630 (3rd Cir.), cert denied, 493 U.S. 870, 110 S.Ct. 197, 107 L.Ed.2d 151 (1989). See also Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir.1989) (no constitutional right to continuation in work release program to implicate property interest under Fourteenth Amendment); Flittie v. Solem, 827 F.2d 276, 279 (8th Cir.1987) (inmates have no constitutional right to be assigned a particular job); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir.1986) (Constitution does not create a property interest in prison employment); Adams v. James, 784 F.2d 1077, 1079 (11th Cir.1986) (assignment to job as law clerk does not invest inmate with a property interest in continuation as such); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir.1980) (prisoner's expectation of keeping prison job does not amount to a property interest entitled to due process protection); Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir.), cert denied sub nom., Altizer v. Young, 435 U.S. 1009, 98 S.Ct. 1882, 56 L.Ed.2d 391 (1978); Bryan v. Werner, 516 F.2d 233, 240 (3rd Cir.1975) (inmates expectation of keeping job is not a property interest entitled to due process protection).

Hunter v. Heath, 95 F. Supp.2d 1140 (D. Or. 2000), judgment reversed on unrelated ground in an unpublished decision.

As to claims related to placement in Ad Seg, a prisoner does not allege a due process violation by simply alleging placement in segregated housing pending disciplinary charges because he has no protected liberty interest in not being confined in the security housing unit where placement and retention therein were "within the range of confinement to be normally expected" by prison inmates. Resnick v. Hayes, 213 F.3d 443, 448-49 (9th Cir.2000); May v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997)("Ninth Circuit explicitly has found that administrative segregation falls within the terms of confinement ordinarily contemplated by a

4

sentence," citing <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1091-92 (9th Cir.1986).  The petition will be dismissed with leave granted to file an amended complaint; in addition, petitioner as plaintiff must file the appropriate in forma pauperis affidavit or pay the filing fee.

If petitioner/plaintiff chooses to amend the complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The petition is dismissed with leave granted to amend to file a civil rights complaint within thirty days; in addition, petitioner as plaintiff shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee of $350; plaintiff's failure to comply with this order will result in the dismissal of this action; and

1  2. The Clerk of the Court is directed to send plaintiff a form for filing a civil rights action under 42 U.S.C. § 1982 and an Application to Proceed In Forma Pauperis By a Prisoner.

3. Should plaintiff file an amended complaint and an appropriate affidavit to proceed in forma pauperis (or the filing fee), this case will be re-designated as a civil rights action.

DATED: 08/06/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
lanc0051.b