IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID GENE LANCASTER,                )   No. 2:08-cv-00051-SPK
                                     )
        Plaintiff,                   )
                                     )
  v.                                 )
                                     )
TOM L. CAREY, WARDEN, ET AL.,        )
                                     )
        Defendants.                  )
_____      )

ORDER DISMISSING COMPLAINT IN PART, GRANTING LEAVE
TO AMEND, AND AUTHORIZING SERVICE OF PROCESS

    Plaintiff David Lancaster is a state prisoner proceeding pro se. Plaintiff seeks relief for alleged civil rights violations pursuant to 42 U.S.C. § 1983. His request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 has been granted in a previous order.

    The court is required to screen complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity.

1

28 U.S.C. § 1915A(a).  The court has screened the complaint to determine whether it sufficiently states a claim, and now DISMISSES the complaint IN PART. Plaintiff is granted 30-days leave to file a further Amended Complaint, OR he may proceed with service of the current complaint.  The Clerk of the Court shall send Plaintiff the documents necessary to effect service on Defendants Carey, Fry, and Herrera as set forth to follow.

I.

Plaintiff alleges that various Defendants violated his rights to due process and equal protection by retaliating against him after he gave testimony as a witness in support of a co-inmate (Morris) during an investigation regarding Morris in 2005.  Officials were apparently attempting to ascertain, among other things, whether a work supervisor (D. Hickison) had mistreated Morris as Morris had contended in response to a complaint against Morris for misbehavior.  During an interview or hearing on June 20, 2005, Plaintiff Lancaster was asked "Has your supervisor [Hickison] sexually harassed you (Lancaster) in anyway [sic]?"  [Exh. B to Complaint, at 3].  Lancaster's answer was:  "Yes, she has rubbed the back of my arm and asked me how I was."  [*Id.*]

Plaintiff alleges that, following that testimony, he was placed in administrative segregation by Defendants N. Fry and J. L. Herrera.  He alleges certain Defendants retaliated against him for testifying as a witness.  The stated reason given for placement in administrative segregation was as follows:

> "you made allegations of staff misconduct therefore you are being rehoused in Ad/Seg to protect the integrity of an investigation.  Based on this information you are deemed a threat to the safety and security of this institution.  You will remain in Ad/Seg pending Administrative Review for your appropriate program and housing needs.  Per CCR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    section 327 your custody level is being increased to maximum to
    facilitate this move[.]"  [Exh. C, at 1].

On August 12, 2005, a Lt. Parks supported placement in "Ad/Seg" as follows:

    "You were initially placed into Administrative Segregation on June 20, 2005, after you made allegations of staff misconduct by your work supervisor, Ms. Hickison.  Specifically, you confirmed another inmate's claim that she attempted to coerce an over familiar relationship with inmates.  The investigation confirmed that your allegations were complete fabrications. . . . Ms. Hickison has appropriately continued to work in her assignment in the Level II Clothing distribution, therefore your release to the general population as CSP-Solano jeopardizes her welfare.  Based on the aforementioned, you are being retained in the ASU, you will remain at Maximum custody status until you transfer to an alternate institution."  [Exh. C, at 2].

    Plaintiff complained to prison officials that he had been retaliated against for testifying in support of Morris as a witness, or for reporting sexual harassment.  He claimed an equal protection and due process violation by being placed in administrative segregation, and appears to have contended that he lost his work position and was punished by being transferred to another institution.  No violations were found, and his administrative appeals were upheld (i.e., denied) on May 3, 2006.  He filed the instant action on January 9, 2008 (within the applicable 2-year statute of limitations), although the action was improperly filed as a petition for writ of habeas corpus.  It was dismissed with leave to amend, and the action was amended as a civil rights complaint.  It was subsequently re-assigned to the undersigned as a visiting judge pursuant to order from the Chief Judge of the U.S.

3

District Court for the Eastern District of California.

Plaintiff alleges that he was retaliated against and thereby was denied due process and equal protection in violation of the U.S. Constitution and 42 U.S.C. § 1983.  Construing Plaintiff's amended complaint broadly, he alleges retaliation by (1) being placed in administrative segregation, (2) losing his prison job, and (3) being transferred to another institution.  He seeks certain injunctive relief (removal of a report from his record, an order reprimanding Defendants, removal of a supervisor), as well as compensatory and punitive damages and back pay for being removed from his job.  He names T. Carey (the Warden at CSP-Solano), as well as N. Fry and J.L. Herrera (the officials who allegedly placed him in administrative segregation) as Defendants.  He also names O.Y. Crawford, R. Terrazas, and M. Melgoza as Defendants who "retaliated against [him] by transferring him to an alternate institution."  He also names F. Ballesteros along with Crawford, Terrazas, and Mogoza who "were all in ICC when I was retaliated . . . [who] could have spoken up and stated what the other[] administration was doing . . . they sat there in the ICC and let the adminstration violate[] Petitioner['s] right."  [Complaint at 6].

## II.

The Court DISMISSES any claims for violation of due process or equal protection.  A prerequisite for a Fourteenth Amendment due process claim is the existence of a constitutionally-protected liberty or property interest.  *See, e.g.*, *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985).  It is well-settled that a prisoner has no liberty or property interest in avoiding administrative segregation.  *See, e.g.*, *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000) (no such interest where such confinement is not an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" and is "within the range of

4

confinement to be normally expected" by prison inmates) (citing *Sandin v. Conner*, 515 U.S. 472, 487(1995)).  Further, a prisoner has no protected liberty or property interest in a particular prison.  *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) ("prisoners generally have no constitutionally-protected liberty interest in being held at, or remaining at, a given facility.").  A prisoner also lacks liberty or property interests in prison employment.  *See, e.g.*, *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) ("the Due Process Clause of the Fourteenth Amendment "does not create a property or liberty interest in prison employment[.]") (citing *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir.1986) (per curiam)).  There are also no allegations that state regulations created such "property interests."  Further, there are also no plausible allegations of discrimination based upon race, religion, or other classification for purposes of an equal protection violation.

However, a First Amendment claim is stated (at least for purposes of initial screening under section 1915A).  Prisoners may "base [First Amendment] retaliation claims on harms that would not raise due process concerns." *Austin v. Terhune*, 367 F.3d 1167, 1170 (9th Cir.2004) (quoting *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir.1997)).  That is, even when a prisoner has no liberty interest enabling him to challenge his placement in administrative segregation on due process grounds, he may bring a retaliation claim asserting that he was placed in administrative segregation in retaliation for exercising protected  First Amendment rights.  *Austin*, 367 F.3d at 1170-71 (placement in administrative segregation in retaliation for reporting officer misconduct).

In the prison context, "a viable claim of First Amendment retaliation entails five basic elements: (1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5)

5

the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (internal footnote omitted); *see also Pratt*, 65 F.3d at 806.

The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was the substantial or motivating factor behind defendants' conduct. *See, e.g.*, *Hartman v. Moore*, 547 U.S. 250, 259 (2006) (a Section 1983 plaintiff "must show a causal connection between a defendant's retaliatory animus and subsequent injury in any sort of retaliation action[.]"). The plaintiff also bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. *Pratt*, 65 F.3d at 806.

It may well be that Defendants had a "legitimate correctional goal" for placement in administrative segregation. It may well be that protected conduct was not the "substantial or motivating factor" for such placement. It may be that there is no injury or damages, or that there are other reasons for denying relief. It may be that the allegations are false. However, at this initial screening-stage, the Court concludes that the amended complaint has an arguable basis for stating a claim for retaliation under First Amendment (even if it does not specifically invoke the First Amendment and alleges only due process and equal protection violations). *See Austin*, 367 F.3d at 1171 (upholding First Amendment claim even though "[t]he complaint did not expressly refer to the First Amendment, but it did allege facts that [plrisoner] was punished for filing a grievance."). "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." *Id.* (citation omitted).

Accordingly, the Court will allow Plaintiff to serve Defendants Carey, Fry, and Herrera. These named Defendants are alleged to have responsibility for "retaliating," or to have made the actual decision to "retaliate," against Plaintiff for

his testimony by placing Plaintiff in administrative segregation. Carey, as warden, presumably would be an appropriate Defendant in an official capacity for purposes of prospective injunctive relief.

However, the complaint fails to state a claim against the other individuals mentioned in the complaint (Ballesteros, Crawford, Terrazas, and Mogoza). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). A plaintiff must link each named defendant to some affirmative act or omission demonstrating a violation of a protected right. Plaintiff has failed to sufficiently link any of these individuals (Ballesteros, Crawford, Terrazas, and Mogoza) to any deprivation of protected rights. Vague and conclusory allegations of official participation in civil rights violations are insufficient. *See, e.g.*, *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff's complaint does not name them as Defendants in either the caption or section III of the form complaint. (Plaintiff named "J.A Nuehring" "Terrazas" and "O.Y. Crewford [Crawford?]" in the original habeas corpus petition, but that petition was dismissed with leave to amend, and they were not renamed in the amended civil rights complaint.) Ballesteros, Crawford, Terraza, Mogoza, and Nuehring are all DISMISSED as Defendants.

If Plaintiff desires to pursue claims against any of these individuals, Plaintiff may file a further Amended Complaint **within 30 days** attempting to state a claim against these individuals (or Plaintiff may choose to proceed on the current complaint against Carey, Fry, and Herrera). Plaintiff, however, may not change the nature of the suit by adding new, unrelated claims in a new amended complaint. Further, Plaintiff is notified that any amended complaint supercedes the prior

complaint and must be complete in itself without reference to prior or superceded pleadings. "All causes of action alleged in an original [or prior] complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted).

III.

Accordingly,

(1) The Clerk of the Court shall send Plaintiff a copy of this order, three USM-285 forms, a summons, an instruction sheet, and a copy of the complaint filed on September 2, 2008.

(2) Within 30 days from the date of this order, Plaintiff shall EITHER complete requirements for service of the current complaint, OR file a further Amended Complaint (which will then be subject to additional screening). Plaintiff may not do both.

(3) If Plaintiff chooses not to amend the complaint, and instead chooses to complete requirements for service of the current complaint, he must do the following within 30 days:

    (a) properly complete and sign the attached Notice of Submission of Documents form,

    (b) properly complete the summons form;

    (c) properly complete a USM-285 form for each Defendant listed above (Carey, Fry, and Herrera); and

    (c) submit four copies of the complaint filed on September 8, 2008; and

    (d) provide the completed forms and copies of the complaint to the Clerk of Court.

(4) Plaintiff need not attempt service on Defendants and need not request

waiver of service. Upon receipt of all the documents listed above in section (3), the Court will issue an order directing the Clerk to forward the completed forms to the United States Marshal to serve the named Defendants pursuant to Fed. R. Civ. P. 4, without payment of costs.

(5)  If Plaintiff chooses to amend the complaint, service is not yet authorized.  Plaintiff should await screening of the amended complaint and obtain permission from the court before proceeding with submission of the documents required for service.  Plaintiff's failure to comply with this order within 30 days may result in dismissal of the action.

IT IS SO ORDERED.

DATED:  July 20, 2009.



_____
Samuel P. King
Senior United States District Judge

9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID GENE LANCASTER,            ) No. 2:08-cv-00051-SPK
                                 )
        Plaintiff,               )
                                 )
  v.                             )
                                 )
TOM L. CAREY, WARDEN, ET AL.,    )
                                 )
        Defendants.              )
_____)

## NOTICE OF SUBMISSION OF DOCUMENTS

Plaintiff hereby submits the following documents in compliance with the court's order filed July 20, 2009:

\_\_\_\_\_    completed summons form

\_\_\_\_\_    completed USM-285 forms

\_\_\_\_\_    copies of the complaint

DATED: _____

_____
Plaintiff

1